
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON R. REYES-RICO, AKA Marlon Raphael Rico Reyes, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 13-73984 <br><br> Agency No. A073-863-137 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2020[**]

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Marlon R. Reyes-Rico, a native and citizen of Honduras, timely

petitions for review of the Board of Immigration Appeals' (BIA) order dismissing

his appeal from the denial of his application for deferral of removal under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and, reviewing for substantial evidence, Ali v. Holder, 637 F.3d 1025, 1028–29 (9th Cir. 2011), we deny the petition.

Substantial evidence supports the BIA and immigration judge's finding that Petitioner did not meet his burden to establish that he will "more likely than not" be tortured by, or with the acquiescence of, the Honduran government on account of his tattoos. See Go v. Holder, 640 F.3d 1047, 1053 (9th Cir. 2011) (citing 8 C.F.R. §§ 1208.17(a), 1208.16(c)(2), 1208.18(a)(1)) (establishing standard for deferral under CAT).

1. The record does not compel the conclusion that Petitioner will more likely than not be tortured if returned to Honduras. Petitioner testified that he twice visited Honduras, and on both occasions, he was able to enter, move about, and leave the country without harm. Moreover, Petitioner's encounters with governmental authorities and gang members did not result in harm. Although a military officer took Petitioner's license temporarily, the record does not show that

---

[1] Before the BIA and this court, Petitioner did not challenge the findings that Petitioner was competent to participate in proceedings and that he was ineligible for withholding of removal under the Immigration and Nationality Act and CAT. Those issues are therefore waived. See Diego v. Sessions, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (stating that arguments "not specifically and distinctly argued and raised in [the] opening brief, nor raised before the agency, [are] waived." (internal quotation marks omitted)).

this event occurred on account of Petitioner's tattoos.  And Petitioner's documentary evidence concerning the treatment of individuals with tattoos in Honduras does not establish a likelihood that Petitioner will be tortured on account of his tattoos.

2.  The record also does not compel the conclusion that Petitioner will more likely than not be tortured by, or with the acquiescence of, the Honduran government.  8 C.F.R. § 1208.18(a)(1).  Petitioner's past encounters with Honduran officials did not involve torture.  And the record as a whole, which shows that the Honduran government has increasingly worked to curtail gang violence and corruption, belies concern that the Honduran government would acquiesce in Petitioner's torture.

**PETITION DENIED.**